O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC JON TETRAULT,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. 2:15-CV-08733 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In August of 2012, Plaintiff Eric Jon Tetrault applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1] Plaintiff, represented by Suzanne C. Leidner, Esq., commenced this

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 34). On May 12, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 33).

## II. BACKGROUND

Plaintiff applied for benefits on August 5, 2012, alleging disability beginning August 2, 1995. (T at 122-28).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On September 18, 2013, a hearing was held before ALJ James Goodman. (T at 1195). Plaintiff appeared without an attorney and was granted an adjournment. (T at 1203). A second hearing was held on April 9, 2014. (T at 1152). Plaintiff appeared with an attorney and testified. (T at 1160-1189).

On May 20, 2014, the ALJ issued a written decision denying the application for benefits. (T at 12-22). The ALJ's decision became the Commissioner's final decision on September 17, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 2-4).

---

[2] Citations to ("T") refer to the administrative record at Docket No. 16.

On November 9, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on May 11, 2016. (Docket No. 16). The parties filed a Joint Stipulation on May 9, 2017. (Docket No. 32).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B. Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 1999 (the "date last insured"). The ALJ noted that Plaintiff engaged substantial gainful activity between August 2, 1995 (the alleged onset date) and May 30, 1997. (T at 15-16).

The ALJ found that Plaintiff was barred from claiming he became disabled prior to March 1, 2005, because that was the date of disability established by the Commissioner in a prior application for benefits filed by Plaintiff. (T at 16).

However, out of an abundance of caution, the ALJ continued the sequential evaluation process. The ALJ found that Plaintiff had the following medically determinable impairments prior to the date last insured: scapholunate laxity with

scapholunate diastasis[3] of the right wrist; mild disc degeneration/annular bulge of the lumbar spine with mild scattered and lower thoracic lower lumbar Schmorl's nodes[4], chronic lumbosacral strain, and right shoulder strain. (T at 16-17). The ALJ concluded that these impairments, in combination, were "severe" within the meaning of the Social Security Act. (T at 16-17).

However, the ALJ concluded that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 17).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), except that he was limited to frequent (but not constant) manipulative activities bilaterally (e.g. reaching, handling, fingering, and feeling). (T at 17).

---

[3] "Scapholunate diastasis is the term used to describe an abnormal increase in the scapholunate interval. Scapholunate diastasis occurs when there is a functionally complete tear of the scapholunate ligament. Scapholunate diastasis can be seen in the setting of scapholunate dissociation. Scapholunate dissociation is the loss of synchronous motion or normal alignment between the scaphoid and lunate bones usually from ligamentous injury. The mechanism of injury in scapholunate dissociation is most commonly trauma causing wrist extension, ulnar deviation and intercarpal supination  Eventually scapholunate dissociation leads to misalignment of other scaphoid joints and ultimately to osteoarthritis." https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4141341/.

[4] "An upward and downward protrusion (pushing into) of a spinal disk's soft tissue into the bony tissue of the adjacent vertebrae. Schmorl's nodes, which are common, especially with minor degeneration of the aging spine, are detectable via X-ray as spine abnormalities."
https://www.google.com/search?client=safari&rls=en&q=Schmorl%27s+nodes&ie=UTF-8&oe=UTF-8

The ALJ found that, as of the date last insured, Plaintiff could perform his relevant work as a prop maker and screen writer. (T at 21).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from August 2, 1995 (the alleged onset date) through December 31, 1999 (the date last insured). (T at 21-22). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 2-4).

**D.  Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 32), Plaintiff offers three (3) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ improperly applied res judicata/collateral estoppel to bar his claim for disability insurance benefits. Second, Plaintiff asserts that the ALJ did not properly assess the relevant medical evidence. Third, he challenges the ALJ's credibility determination. This Court will address each argument in turn.

# IV. ANALYSIS

## A. Res Judicata/Estoppel

In 2005, Plaintiff applied for disability insurance benefits and supplemental security income ("SSI") benefits. In December of 2005, the Commissioner approved the claim for SSI benefits, but determined that Plaintiff was not eligible for disability insurance benefits. (T at 26, 256, 93-100, 1155). Although the administrative history is rather convoluted, there appears to be no dispute that Plaintiff, who was proceeding *pro se*, did not appeal from the 2005 denial of disability insurance benefits. There is likewise no dispute that the instant application for disability insurance benefits, which was filed in 2012, seeks benefits for the same period of time as the application denied in 2005. As noted above, the ALJ declined to re-open the previous application for benefits and found that the prior denial of disability insurance benefits (which became final due to Plaintiff's failure to seek review) barred reconsideration of the claim. (T at 16).

This Court lacks the jurisdiction to review this aspect of the ALJ's decision. The Commissioner has the discretion to apply res judicata and decline to reconsider a prior application. The exercise of that discretion is generally not subject to judicial review. *See Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985).

Although the Ninth Circuit has recognized various exceptions to this general rule, none of those exceptions are applicable here.

First, judicial review is permitted on the question of whether the claim at bar is the same as the claim previously denied. *See id.* Here, there is no question that both claims allege disability during the same time period and for the same disability.

Second, the Commissioner may "open the door" to judicial review by re-opening the prior claim and considering its merits, in which case the merits determination would be subject to review. *Id.* at 589. Here, while the ALJ did address the merits of the claim out of an abundance of caution, the ALJ expressly denied the claim on estoppel/res judicata grounds. (T at 16). As such, the decision is not reviewable on this basis. *Id.*; *see also McGowan v. Harris*, 666 F.2d 60, 67-68 (4th Cir. 1981)(holding that "inquiry in to the nature of the evidence should not be read as reopening of [the] claim on the merits" where it was "followed by a specific conclusion that the claim should be denied on res judicata grounds").

Lastly, the Commissioner's application of res judicata is reviewable where the claimant states a colorable constitutional claim. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Here, Plaintiff has not stated such a claim. *See id.*; *see also McDonald v. Barnhart*, No. C 01-03738, 2002 U.S. Dist. LEXIS 22584, at *8-11 (N.D. Cal. Nov. 19, 2002).

11

DECISION AND ORDER – TETRAULT v COLVIN 2:15-CV-08733-VEB

Accordingly, Plaintiff has not established facts or constitutional claims sufficient to confer subject matter jurisdiction upon this Court to review the Commissioner's discretionary decision to impose res judicata and decline to re-open the prior denial of disability insurance benefits. This action must be dismissed on that basis.

**B.    Medical Evidence**

For the reasons set forth above, this Court finds that it lacks jurisdiction to review the ALJ's denial of benefits, because that denial was based upon the discretionary application of res judicata. With that said, this Court is mindful that Plaintiff acted *pro se* with regard to the prior claim for disability insurance benefits. In addition, the administrative record with regard the consideration of that prior claim can be described (charitably) as rather muddled. Accordingly, out of an abundance of caution, this Court will address Plaintiff's substantive arguments. For the following reasons, this Court finds the ALJ's consideration of the merits of the claim supported by substantial evidence and consistent with applicable law. As such, even if there was some arguable issue with the Commissioner's application of res judicata, the decision to deny benefits would nevertheless still be sustained.

Plaintiff alleged disability beginning August 2, 1995 (T at 122) and met the insured status requirements under the Act through December 31, 1999. (T at 15-22). This comprises the relevant time period under review.

There appears to be no dispute that the ALJ properly concluded that, notwithstanding the alleged disability onset date of August 2, 1995, Plaintiff worked at Disneyland though at least May 30, 1997. (T at 15-16, 114, 262). This work constituted substantial gainful activity and Plaintiff is thus not entitled to benefits with respect to this period of time. (T at 15-16); *see* 20 CFR § 404.1520 (b)("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.").

In addition, the ALJ performed a thorough review of the medical record from the relevant time period and offered a cogent explanation in support of his decision. For example, in August of 1995, Dr. Aiden Clarke, a treating physician, noted that Plaintiff "had an extremely mild sprain of his neck and possibly low back." (T at 825). Dr. Clarke believed there was "exaggeration of symptoms" and assessed no functional limitations. (T at 825). In October of 1995, Dr. Clark again found no limitations and described Plaintiff's subjective complaints as "not objectively supportable." (T at 830-31, 845). In February of 1996, Dr. Charles Lane, another

treating physician, recommended that Plaintiff wear a wrist support, but otherwise assessed no functional limitations. (T at 918-21).

In September of 1996, Dr. Lane described Plaintiff as "working in an unrestricted manner." (T at 596). In January of 1999, Dr. Lane opined that a return to work by Plaintiff would likely cause an increase in his symptomatology, but concluded that he would cause no permanent damage by doing so. (T at 601). Records generated by Dr. Jon Greenfield, a treating orthopedic surgeon, in 1996, 1997, and 1998 were generally unremarkable, with Plaintiff described capable of "light duty" work, being attended with conservative treatment, and with limitations only as to heavy lifting with the right arm. (T at 863-99).

Plaintiff argues that the ALJ should have weighed the evidence differently and offers a rather disjointed summary of third party and other evidence tending to show suggestions of disability during the relevant time period. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either

disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**C.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the

existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

During the relevant time period, he experienced sharp pain behind the right shoulder blade, right wrist pain, and low back pain. (T at 1162). Psychologically, he was frustrated because of his inability to work. (T at 1163). Pain caused interpersonal problems and difficulty concentrating. (T at 1163, 1171). Following an accident in 1992, he had difficulty lifting objects. (T at 1166). He was employed after 1999 in various occupations, but lost the jobs because of his limitations. (T at 1169, 1187-90). Sitting longer than 10 minutes is difficult. (T at 1171). He was not able to use his right upper extremity to do the types of work he had performed prior to his disability. (T at 1175). He was treated with physical therapy, occupational therapy, and chiropractic care during the relevant time period. (T at 1179, 1181).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 20).

16
DECISION AND ORDER – TETRAULT v COLVIN 2:15-CV-08733-VEB

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law. First, the ALJ reasonably concluded that Plaintiff's testimony was contradicted by the objective medical evidence. (T at 20). As discussed above, the records from the relevant time period document treatment for numerous medical issues, but generally contained few objective findings of significant limitations. (T at 825, 830-31, 867-70, 891-92, 918-22, 946). Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, the ALJ noted that Plaintiff engaged in substantial gainful activity for extended periods after the date he claims he was disabled. (T at 20). This was a valid basis for discounting his credibility. *See Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989)(noting that ALJ may rely on "ordinary techniques of credibility evaluation" and discount a claimant's credibility if he or she "has made prior

statements inconsistent" with subjective complaints or "is found to have been less than candid in other aspects of his [or her] testimony").

Lastly, Dr. Clarke, one of Plaintiff's treating physicians, opined there was "exaggeration of symptoms" and described Plaintiff's subjective complaints as "not objectively supportable." (T at 825, 830-31, 845).

In light of the above, this Court finds that the ALJ's credibility determination must be sustained. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 14th day of February 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE